# UNITED STATES DISTRICT COURT
для the
Eastern District of Louisiana

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 23-mj-32 |
| TEVIN MARCELIN | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __06/29/2020__ in the parish of __Orleans__ in the __Eastern__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a felon |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of a drug trafficking crime |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute methamphetamine and cocaine |

This criminal complaint is based on these facts:

See attached Affidavit

___ Fee _____
_X_ Process  2cc:USMS
___ Dktd _____
___ CtRmDep _____
___ Doc. No _____

☑ Continued on the attached sheet.

/s/ Matthew D. Richard
*Complainant's signature*

Matthew D. Richard, Special Agent, ATF
*Printed name and title*

Sworn to and electronically subscribed before me, over the telephone, and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d), on this 7th day of April, 2023.

Date: April 7, 2023

*Judge's signature*

City and state: New Orleans, Louisiana

Hon. Donna Phillips Currault, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 23-mj-32 |
| v. | * | SECTION: MAG |
| TEVIN MARCELIN | * | |

\* \* \*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A COMPLAINT**

I, Matthew D Richard, being duly sworn, depose and state as follows:

1. I am employed as a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since 2015. I am currently assigned to New Orleans Group I field office in New Orleans, Louisiana. I have graduated from ATF's Special Agent Basic Training Academy, the Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Academy, the Louisiana State Police Academy, and the South Carolina Criminal Justice Academy. Prior to becoming an ATF Special Agent, I was employed as a Louisiana State Trooper for seven years and a Deputy Sheriff in Beaufort County South Carolina for 2 years. I have been employed as a law enforcement officer since 2006.

2. Since 2015, my primary responsibility is to conduct criminal investigations concerning the violations of federal criminal law. As a result of my training, knowledge, and experience as a Special Agent with ATF, I am familiar with federal firearms and narcotics laws. I have participated in and managed several complex investigations, specifically in the matters of violent crime and narcotics trafficking.

3. The following facts are based on my own knowledge and information from law enforcement officers. It does not set forth all facts known to me in this investigation. It sets forth the facts to establish probable cause for the offenses alleged.

**PROBABLE CAUSE**

4.      On June 29, 2020, the New Orleans Police Department (NOPD) Second District, received reports of shots fired- in the 7800 block of Olive Street, New Orleans Louisiana, involving a white sedan.  NOPD Detective Matthew Connolly began to review live footage of the Real Time Crime Camera in the area. While reviewing the live footage, Detective Connolly observed a black male subject, later identified as Tevin MARCELIN, (B/M, D.O.B. 12/8/1994), dressed in a dark colored hoodie and blue jeans, armed with an AK-47-style firearm, in the 7900 Block of Olive Street.



5.      Detective Connolly relayed this information to responding NOPD Second District Officers.  Moments before NOPD officers arrived on scene, MARCELIN entered the front passenger side of a white Toyota Camry, with the AK-47-style firearm and began to depart the

area.  Detective Connolly also relayed this information to responding officers.

6. NOPD Second District Officers Douglas Boudreaux and Michael Dewey arrived on scene.  As the officers turned their marked patrol vehicle onto Olive Street, which is a one-way street, they encountered the white Toyota Camry traveling in the wrong direction on Olive Street towards their marked patrol vehicle.   The officers activated their emergency lights on top of their marked police vehicle, signaling to the driver of the white Toyota Camry to stop.

7. The driver of the white Toyota Camry, who was later identified as D.D., accelerated the Camry toward the officers' marked patrol vehicle. The two vehicles collided head-on.

8. Immediately after the collision, MARCELIN exited the Camry through the front passenger window and briefly attempted to flee from the officers on foot before he was taken into custody.



9. Upon apprehension, MARCELIN had a tan "waist pouch" slung across his chest. Due to the "waist pouch" being open, officers could see in plain view a plastic bag which appeared to contain multiple plastic bags of pills, believed to be ecstasy. Further search of the "waist pouch" revealed $3011.00 in US currency.  Officers also located a clear plastic bag which MARCELIN

3

tossed to the ground during his flight. This bag contained multiple individual rocks of an off-white substance, believed to be cocaine.

10. After MARCELIN was taken into custody, Officers recovered the AK47-style firearm from the front passenger floorboard. This firearm was identified as a Pioneer Arms Corporation Hellpup, .762 Caliber, bearing serial number PAC111988. After securing the Pioneer Arms Corporation Hellpup, .762 Caliber, the officers ordered the driver to exit the vehicle. Officers then located an additional firearm, a Glock handgun on the driver's floorboard. This firearm was identified as a Glock .40 Caliber, bearing serial number LKD638.

11. Detective Connolly obtained a search warrant for the white Toyota Camry. Upon the execution of that warrant, officers located a plastic bag containing marijuana in multiple plastic bags in the trunk; multiple individually packaged bags of marijuana and a digital scale in the front console area; a plastic bottle of promethazine in the glove box; a large plastic bag on the back seat, containing multiple plastic bags of marijuana, a digital scale, and packaging material.

12. NOPD Officer Dewey conducted a field test of the marijuana and cocaine. Both yielded a positive result.

13. The narcotics recovered from MARCELIN's person and from the Camry were tested by the NOPD Crime Lab. NOPD recovered tablets totaling 11.3 grams of methamphetamine, 6.3 grams of cocaine, and 384.8 grams of marijuana.

14. On February 27, 2012, in Orleans Parish Criminal District Court case number 503657, MARCELIN pled guilty to violating Louisiana Revised Statutes 14:(27)30.1, relative to Attempted Second Degree Murder, and 14:64, relative to Armed Robbery. MARCELIN was sentenced to 10 years in the Louisiana Department of Corrections.

15. Based on my knowledge of the criminal justice system, as well as a review of the above conviction, I know that MARCELIN and was present for his guilty plea and was aware of his felony conviction.

16. I know, based on my training and experience, I know that neither Glock or Pioneer Arms Corporation manufactures firearms in the state of Louisiana, and therefore, that the above-mentioned firearms necessarily traveled in interstate or foreign commerce prior to the seizure described above.

17. Based on the above facts, I submit that there is sufficient probable cause to charge MARCELIN with possession of a firearm by a felon, in violation of Title 18, United States Code, § 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, § 924(c); and possession with intent to distribute MDMA and cocaine, in violation of Title 21, United States Code, § 841(a)(1).

*/s/ Matthew Richard*
Matthew D. Richard
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn to and electronically subscribed before me, over the telephone, and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d), on this 7th day of April, 2023.
New Orleans, Louisiana.

Donna Phillips Currault
HONORABLE DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE